IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MATHEW ROGERS,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**ALPHA RESIDENTIAL TN, LLC,** d/b/a **ALPHA RESIDENTIAL,**<br><br>Defendant. | Case No.: 3:26-cv-00464<br><br><br>JUDGE RICHARDSON<br>MAGISTRATE JUDGE FRENSLEY |

## PROPOSED INITIAL CASE MANAGEMENT ORDER

A.      JURISDICTION:   The court has jurisdiction pursuant to 28 U.S.C § 1331 and 47 U.S.C. § 227.

B.      BRIEF  THEORIES  OF  THE  PARTIES:

For Plaintiff: Plaintiff Mathew Rogers is a local resident who placed his telephone number on the National-Do-Not-Call Registry ("DNC Registry") in January 2007 to prevent unwanted prerecorded solicitation calls. Plaintiff is not a current or former customer of Defendant and has never consented to receive telephone solicitations from Defendant. Plaintiff has brought this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted to combat "the proliferation of intrusive, nuisance calls to consumers and businesses from telemarketers." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021) (internal quotation omitted). The TCPA also prohibits the use of artificial or prerecorded voices when calling cellular telephone numbers. 47 U.S.C. § 227 (b)(1)(A)(iii). Plaintiff alleges that Defendant made telephone

1

solicitations to his telephone number using a prerecorded or artificial voice. Now, Plaintiff seeks to represent a class of similarly situated individuals who received similar telemarketing calls from, or on behalf of, Defendant.

For Defendant: Defendant Alpha Residential TN, LLC ("Alpha") is a residential and commercial real estate brokerage firm based in Nashville, Tennessee with a location in Scottsdale, Arizona. Alpha denies any wrongdoing, violation of the TCPA, or liability to Plaintiff. Specifically, Alpha maintained internal procedures to obtain express consent before calling customers and prospective customers that, but for a simple human error, would have prevented the call to Plaintiff. Additionally, because of this human error, Alpha lacked the requisite intent for statutory or punitive damages. Finally, Alpha denies that this suit can be maintained as a class action because Plaintiff cannot meet the standards necessary to certify a class action.

C.      ISSUES RESOLVED:  Jurisdiction and venue.

D.      ISSUES STILL IN DISPUTE:  Class certification, liability and damages.

E.      INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before July 28, 2026.

F.      CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:   The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rules 16.02 through 16.05.  **No later than 60 days after the Initial Case Management Conference, the parties shall exchange written settlement proposals and engage in good-faith settlement discussions. The parties shall promptly notify the Court if the case is resolved through either settlement effort.** Approximately fourteen (14) days after the conclusion of fact discovery, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case.  The joint report shall also state whether the parties believe ADR might assist in resolution

2

of the case.  If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

G.      DISCOVERY:  The parties shall complete all written discovery and depose all fact witnesses on or before April 30, 2027.  Written discovery should proceed promptly (unless otherwise provided for herein) and shall be served by no later than August 11, 2026. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute.  Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. All discovery motions shall be filed by no later than April 30, 2027.  In connection with any discovery conference or discovery motion, the applicable parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities.  The joint discovery dispute statement shall certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement.  If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must

clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

H.    MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties shall be filed by no later than September 30, 2026, and must comply with Local Rules 7.01 and 15.01.

I.    DISCLOSURE AND DEPOSITIONS OF EXPERTS:  The plaintiff shall identify and disclose all expert witnesses and expert reports on or before May 28, 2027. The defendant shall identify and disclose all expert witnesses and reports on or before June 28, 2027. Rebuttal experts shall be permitted only by leave of court.  Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e).  Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial.  *See* Local Rule 39.01(c)(5)(C).  Expert depositions shall be completed by July 30, 2027.

J.    SUBSEQUENT CASE MANAGEMENT CONFERENCE.  A subsequent case management conference shall be held telephonically on February 12, 2027, to address:  status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters.  Plaintiff's counsel shall initiate the call.

K.    CLASS CERTIFICATION MOTION: Plaintiff shall file a motion to certify the class by May 28, 2027. The class certification motion shall not exceed 25 pages and must comply with Local Rules 7.01. Responses to the class certification motion shall be filed within 30 days after the

filing of the motion and shall not exceed 25 pages. An optional reply memorandum may be filed within 14 days after the filing of the response and shall not exceed 5 pages.

L.      DISPOSITIVE MOTIONS: As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than August 24, 2027. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

M.      ELECTRONIC DISCOVERY. If the parties have reached an agreement on how to conduct electronic discovery, Administrative Order No.174-1 need not apply to this case. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as a proposed agreed order with an accompanying motion for approval. In the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply.

N.      MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the

5

requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

O. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The jury trial of this action is expected to last approximately 5 days. A trial date no earlier than <u>January 10, 2028,</u> is respectfully requested.[1] [Refer to Local Rule 16.01(h)(1) for relationship between the dispositive-motion deadline and the timing of target trial date.]

It is so **ORDERED**.

_____
United States Magistrate Judge

---

[1] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by the Magistrate Judge.

6

APPROVED FOR ENTRY:


*/s/ Anthony I. Paronich*

Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
T: (617) 485-0018
anthony@paronichlaw.com
*Attorney for Plaintiff*


*/s/ John W. Peterson*
John W. Peterson (#26136)
Keelin M. Kraemer (#41284)
POLSINELLI PC
501 Commerce Street, Suite 1300
Nashville, TN 37203
Tel.: (615) 252-3928
Email: john.peterson@polsinelli.com
Email: kkraemer@polsinelli.com

*Counsel for Defendant Alpha Residential TN, LLC*

7